**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM LEE JANSSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01419-AGF |
| | ) | |
| JEFFERSON COUNTY, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Adam Lee Janssen brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $120.15. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on this review, the Court will direct Plaintiff to file an amended complaint on the court-provided form in compliance with the instructions set out below.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

At the time of case filing, Plaintiff was a pretrial detainee at the St. Charles County Jail. ECF No. 1 at 3.  In support of his motion to proceed without prepaying fees and costs (ECF No. 4), Plaintiff submitted an inmate account statement showing average monthly deposits of $600.75 and an average monthly balance of $132.58 (as of the fifth of each month).  ECF No. 3.  The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $120.15, which is twenty percent of Plaintiff's average monthly deposit.  *See* 28 U.S.C. § 1915(b)(1).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Although Plaintiff was a pretrial detainee at the St. Charles County Jail when he initiated this action, the allegations of his complaint pertain to a period of detention in 2022 at the Jefferson County Jail in Hillsboro, Missouri.  ECF No. 1 at 9.  He brings this civil action under 42 U.S.C. § 1983 against five (5) defendants associated with the Jefferson County Jail: (1) Jefferson County, Missouri; (2) Brenda Short (jail administrator); (3) "John Doe #3" (supervisory correctional officer); Christopher Rulo (correctional officer); and (5) Mrs. Unknown Picarello (correctional officer). *Id.* at 1-5.  Defendants Short and Rulo are named in both their individual and official capacities; defendants Picarello and Doe are named in just their individual capacities. *Id.* at 3-5.

Plaintiff's Statement of Claim details various incidents which occurred between January and April 2022 at the Jefferson County Jail. *Id.* at 9-15.  Initially, Plaintiff alleges that he was "violently shoved through [a] pod entrance" on January 30, 2022, by defendant correctional officer Picarello, causing injury to his arm and neck. *Id.* at 9.  At the time of the incident, Plaintiff was complaining to other correctional officers about commissary-account charges for items he had not received.  After the shove, Plaintiff requested "to make a report" through "the call box" and his wife called Jail supervisors "concerned about the abuse." *Id.*

That evening, Plaintiff again requested (through his cell call button) to report the incident to a supervisor and see medical.  He was threatened by a non-defendant that if he did not stop complaining, he would regret it.  When he persisted in his complaints, he was strip-searched and moved to a 2-man "suicide supervision" cell by defendant John Doe #3, where Plaintiff could only wear a "green dress-like piece of fabric."  *Id.* at 9-10.  John Doe #3 stated that Plaintiff couldn't complain anymore to his family because he would not have phone access.  Plaintiff asserts that he had never mentioned suicide before the transfer to this cell.  *Id.* at 10.

Plaintiff remained on suicide watch for three (3) days, in a cell next to defendant Short's office.  Plaintiff asserts that Short "antagonized" him during those days, telling him that his cell placement was a result of calls of complaint from his family members and his attempts to "make [her] staff look bad," and that she hoped he would "enjoy court naked" when he had to wear the "green dress" to court.  *Id.*

 After three (3) days in the suicide watch cell and a court hearing in the "green dress," Plaintiff was moved to "the hole" (or disciplinary segregation) where Short said he would remain until he learned "to stop complaining about staff to everyone."  *Id.* at 11.  Plaintiff states that by that time he had already made "multiple verbal requests for [his] Bible" that were "futile."  So, he submitted a request through the Jail's kiosk system asking for his Bible and to file an incident report or write a grievance to the Jefferson County Sheriff's Department.  Two days later, he submitted another request through the kiosk for an "inmate handbook," his legal mail, and his Bible.  On the following day, he received a response from Short stating that she does not hand out individual Bibles and that he can have legal work when he is released.  *Id.*

Approximately six (6) weeks later, Plaintiff submitted additional grievances on his inability to "file the report with Jefferson Co. Sheriff's Department that he was never allowed to make regarding the use of force by C.O. Picarello on 1/30/22 and the retaliation by staff" and to again

- 4 -

request his Bible. *Id.* at 12. Plaintiff alleges that Short replied with "hateful comments" like "I am done with you" and "I am not your mom." As for the Bible, Short again replied that she does not hand out individual Bibles. *Id.* at 12-13. A few days later, Plaintiff clarified that he was requesting the Bible that he had in his property. It is unclear if Plaintiff's Bible was ever given to him.

In addition, Plaintiff complains about an incident involving defendant correctional officer Rulo that occurred around the end of March or early April, 2022. Rulo handcuffed Plaintiff and removed him from his cell in order to conduct a cell search. *Id.* at 13. Rulo commented to Plaintiff about how Plaintiff had continued to make Jail complaints. Rulo put Plaintiff against a wall and put his hand on the back of Plaintiff's head. Rulo then "slammed [Plaintiff's] forehead against the wall on cinder block and said 'start listening or I will take you in this shower and f*** you in the ass.'" *Id.* Plaintiff states that inmates within earshot heard Rulo's statement and testified in a Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301 *et seq.*, investigation. Plaintiff does not provide any details on the results of that investigation.

In early April 2022, Plaintiff states that he made multiple additional requests on the Jefferson County Jail kiosk, including a request to see defendant Short's supervisor because he was "scared" of being "raped or worse," a request to report a PREA violation, and a request to see the mental health coordinator. Plaintiff does not state whether any of these requests were satisfied. Presumably, at a minimum, the PREA investigation regarding defendant Rulo's threat did result from these requests.

Overall, Plaintiff describes his time at Jefferson County Jail in early 2022 as "months of religious torture, retaliation, [and] coercion to plea[d] guilty." *Id.* at 14. He states that attending a court hearing in the "green dress" made him "feel violated." *Id.* at 10. He alleges further injuries including: "fear of going to trial and losing and having to go back and see" John Doe #3, sleep

issues, anxiety, fear of law enforcement, psychological and mental damage, nightmares, hypervigilance, stress, PTSD, hearing issues, headaches, blurred vision, "visible and painful build up of scar tissue where my head hit the wall by my eye," "fear of ever going into Jefferson Co. again," and depression. *Id.* at 7-8, 16.

For relief, Plaintiff seeks compensatory damages, punitive damages, and "future cost of counseling, doctors, medicine for headaches and other physical damage." *Id.* at 17.

## Discussion

Upon review of the complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies and a failure to comply with the Federal Rules of Civil Procedure. Even self-represented litigants are obligated to abide by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief"). However, because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following legal issues in filing his amended complaint.

## I.   No Joinder of Unrelated Claims

The complaint is deficient because Plaintiff has inappropriately joined together unrelated claims. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out

of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Joinder requires that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id*. As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff has attempted to join multiple unrelated claims. If Plaintiff is alleging that the alleged incident of excessive force by Picarello resulted in complaints which inappropriately landed him in a suicide cell and forced him to attend court in a "green dress," then those claims may arise out of the same transaction or occurrence. However, there are no facts alleged which suggest that this use-of-force by Picarello was related to Short's denial of access to Plaintiff's Bible or Rulo's threatened sexual assault (which occurred two months later). Plaintiff cannot bring in one lawsuit: a claim against Picarello for excessive force, a claim against Short for denying access to his Bible, and a claim against Rulo for threatened sexual assault. These claims arise out of different transactions or occurrences and are unrelated. They need to be brought in separate lawsuits. Plaintiff's amended complaint should only bring related claims, arising out of the same transaction or occurrence. Plaintiff must decide what claim or group of related claims he wishes to pursue in this lawsuit and seek relief on other unrelated claims in different suits. Failure to comply with this Federal Rule will result in the dismissal or partial dismissal of this case.

## II.      Short and Plain Statement of Claim

In addition, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner.  *See* Fed. R. Civ. P. 8, 10.  Nowhere in the complaint does Plaintiff set forth a short and plain statement of what he claims entitles him to relief as required by Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief").

After Plaintiff decides which claim or related claims he wishes to pursue in this suit (based on Federal Rule 20(a)(2)), Plaintiff's amended complaint should set out the claim(s) in a simple, concise, and direct manner, and the facts supporting the claim(s) as to each named defendant.  *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances).

## III.     Naming the Proper Defendants

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009).  In general, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery.  *Munz v. Parr*, 758 F.2d 1254,

1257 (8th Cir. 1985).  Plaintiff should only name Unknown defendants in his amended complaint, if he can make sufficiently specific allegations against them.

In addition, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  As such, Plaintiff should only name defendants in his amended complaint that are casually linked to, or directly responsible for, the deprivation of rights alleged in the claim(s) he has decided to pursue in this case.  Plaintiff cannot hold defendants liable simply because they held supervisory or administrative positions.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Finally, a governmental entity like Jefferson County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  However, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691.  To state a claim under § 1983 against the County, Plaintiff must allege that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Plaintiff here appears to be alleging a failure to train.  *See* ECF No. 1 at 6.  However, to demonstrate deliberate indifference for purposes of failure to train, a plaintiff must show a "pattern of similar constitutional violations by untrained employees."  *S.M. v Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017).  If Plaintiff chooses to pursue a claim against Jefferson County in his amended complaint, he must plead facts suggesting such a pattern.

- 9 -

**Instructions on Filing an Amended Complaint**

Based on the guidance provided above, Plaintiff should file an amended complaint in this matter. Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must **type or neatly print** the amended complaint on the Court-provided Prisoner Civil Rights Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under

- 10 -

that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant and the constitutional rights violated.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *Madewell*, 909 F.2d at 1208.  It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them.  Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

### Conclusion

The Court will grant Plaintiff's motion to proceed without prepayment of fees and costs, but Plaintiff must pay the initial partial filing fee of $120.15 within **thirty (30) days**.  Furthermore, Plaintiff should consider the legal issues discussed herein and file an amended complaint which contains all relevant factual allegations and asserts only related claims.  After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $120.15 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 6th day of April, 2026.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

- 12 -